UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>        Plaintiff,<br><br>   v.<br><br>S. MINTZ, et al.<br><br>        Defendants. | NO. CV 15-8221 DDP (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the complaint, records on file, the Report and Recommendation of the United States Magistrate Judge ("Report") and the Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Defendants have objected. The Court accepts the findings and recommendation of the Magistrate Judge.

Defendants object to the recommendation that Defendants' motion to dismiss be denied as to Plaintiff's deliberate indifference claim based on failure to refer him for new medication or mental health treatment. The Report noted that Defendants' motion to dismiss did not address that claim. (Report at 10.) Defendants argue that Plaintiff does not make such a claim, and that his sole claim is based on the failure to recommend single cell status. A pro se complaint is liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The First Amended Complaint ("FAC") contains specific complaints about Plaintiff's treatment with the drug Geodon. (FAC at 4-5 & Exhibit E.) Plaintiff alleges that Defendants violated his "right to be free from

cruel and unusual punishment by, among other things, "allow[ing] the Plaintiff mental health to regress by his failure to refer the Plaintiff for new medication to a psychiatrist, or single-cell status which aided the Plaintiff mental decompensating" and "purposely ignor[ing] the Plaintiff request for serious mental health care." (FAC at 13, 15, 16.)[1] The use of the word "or" indicates the disjunctive. *See Acosta v. City of Costa Mesa*, 718 F.3d 800, 815 (9th Cir. 2013) (noting that function of "or" is to denote an alternative). The FAC requests relief both as to single cell status and as to "access to the full array of services CDC provide[s] under Mental Health Care." (*Id.* at 17.) The Report reasonably construed the FAC to include an Eighth Amendment claim based on failure to refer Plaintiff for new medication to a psychiatrist.

Defendants further object that Plaintiff fails to state a claim based on failure to refer him for new medication and that they are entitled to qualified immunity. Defendants' motion to dismiss did not raise arguments and Plaintiff has not been given an opportunity to respond. The court will not address new arguments for dismissal raised for the first time in objections.

IT IS ORDERED that Defendants' motion to dismiss is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART. The Eighth Amendment claims related to denial of single cell status are dismissed with prejudice. Defendants' motion to dismiss is denied as to the Eighth Amendment claim based on failure to refer Plaintiff for new medication to a psychiatrist without prejudice to Defendants' ability to file a motion to dismiss this claim or a motion for summary judgment.

DATED: <u>1-22-19</u>

                                              DEAN D. PREGERSON
                                              United States District Judge

---

[1] Page citations are to the page numbers assigned by CM/ECF in the header.